UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. RODRIGUEZ, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-2556 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his right to free exercise of religion and to be free from cruel and unusual punishment.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

10  389.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

21  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

23  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24    **II.**    **Allegations in the Complaint**

25       Plaintiff states the events giving rise to the claim occurred while he was incarcerated at

26  High Desert State Prison (HDSP).  (ECF No. 1 at 1.)  Plaintiff has identified the following

27  defendants: (1) HDSP officer F. Rodriguez; (2) HDSP officer G. Wick; (3) HDSP officer J.

28  Hutchison; and (4) HDSP officer E. Ruiz.  (Id. at 2.)

Plaintiff alleges that he is mandated by his religious faith to only consume meat that is Halal. (Id. at 5.) Plaintiff states that from May 28, 2019 to June 12, 2019 defendants repeatedly denied him "a religious meat alternative Halal meal." (Id.) Plaintiff also alleges that he was sent to an Administrative Segregation Unit on September 11, 2019. (Id. at 7.) He alleges that while there he was denied religious meals from that date until October 24, 2019.

### III.     Does Plaintiff State a § 1983 Claim?

#### A. First Amendment

"The right to exercise religion practices and beliefs does not terminate at the prison door," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979), "but a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'" Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

To state a cognizable Free Exercise claim, an inmate must state facts showing that prison officials substantially burdened the practice of the prisoner's religion without any justification reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987) (applying the test set forth in Turner v. Safley, 482 U.S. 78 (1987); Jones v. Williams, 791 F.3d 1023, 11031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88. A substantial burden is one which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs. Jones, 791 F.3d at 1031.

Prison inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea, 833 F.2d at 198 (citing Kahane v. Carlson, 527 F.2d 492, 495 (2d Cir. 1975); cf. 28 C.F.R. §§ 547.20(d); 548.23(a) (federal inmates to be provided with food consistent with religious dietary requirements to extent security and budgetary considerations permit). However, de minimis burdens on the free exercise of religion are not actionable. See e.g., Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

The complaint does not contain sufficient facts for the court to determine whether the alleged deprivations amount to a constitutional violation. As alleged the court cannot determine

4

whether the deprivation constituted a de minumus intrusion as in Rapier, 172 F.3d at 1006 n.4 (unavailability of pork-free meals on three out of 810 occasions constituted a de minumus burden on inmate's free exercise rights) or rather a repeated stymying of plaintiff participation in a religious ritual, Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (deprivation of Ramadan meals for 24 out of 30 days amounted to a substantial burden on plaintiff's free exercise rights).

The court is unable to discern from the complaint whether plaintiff was denied Halal meals on one occasion or entirely on the days noted. In any amended complaint, plaintiff should specify whether he was denied Halal meals entirely on those days or whether he was denied one Halal meal on the identified days.

### B. Eighth Amendment

Plaintiff alleges defendants' actions in denying him Halal meals violated his Eighth Amendment rights. (ECF No. 1 at 3.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

Additionally, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

As with plaintiff's free exercise claim above, the complaint does not contain enough facts for the court to determine whether plaintiff states a potentially cognizable claim. It is not clear from the complaint whether plaintiff was denied one religious meal on the dates identified in the

complaint or whether he was denied religious meals entirely for several weeks. In any amended complaint plaintiff should state with specificity how long he was entirely deprived of Halal meals and whether or not he was able to eat any of the food he was given.

### IV.     Amending the Complaint

As set forth above, the complaint fails to state a cognizable claim. However, plaintiff will be given the option to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////
////
////
////
////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 1, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/brow2556.scrn