UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN, | No. 2:20-cv-2556 DB P |
| Plaintiff, | |
| v. | ORDER |
| F. RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his right to free exercise of religion and to be free from cruel and unusual punishment. Presently before the court is plaintiff's amended complaint for screening. (ECF No. 12.) For the reasons set forth below, the court will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at High Desert State Prison (HDSP).  (ECF No. 12 at 1.)  Plaintiff has identified the following defendants: (1) F. Rodriguez, HDSP floor officer; (2) G. Wick, HDSP floor officer; (3) J. Hutchison, HDSP property and floor officer; and (4) E. Ruiz, HDSP floor officer.  (Id. at 2.)

Plaintiff alleges that he is mandated by his religious faith to only consume meat that is Halal.  (Id. at 5.)  He has been approved for religious meat alternative meals since 2016.  (Id. at 8.)  Defendants Rodriguez, Ruiz, Wick, and Hutchison are responsible for ensuring inmates are given appropriate meals.  (Id. at 5.)  From May 28, 2019 through June 24, 2019 defendants refused to serve plaintiff his approved religious meals.  The same defendants also denied plaintiff religious meals from September 11, 2019 to October 24, 2019.  (Id. at 6.)  Plaintiff indicates that during those times, he had to eat food that failed to comply with his religious beliefs.

Plaintiff repeatedly informed defendants that non-Halal meals violated his beliefs, but they ignored him.  He further alleges defendants never called the religious meal coordinator or review prison computer records to verify that plaintiff had an approved religious diet.  (Id.)

////

////

**III.   Does Plaintiff State a § 1983 Claim?**

    **A. First Amendment**

Plaintiff alleges that defendants' failure to provide him with his approved religious meals violated his right to free exercise of religion under the First Amendment. (ECF No. 12 at 9.)

"The right to exercise religion practices and beliefs does not terminate at the prison door," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979), "but a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'" Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

To state a cognizable Free Exercise claim, an inmate must state facts showing that prison officials substantially burdened the practice of the prisoner's religion without any justification reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987) (applying the test set forth in Turner v. Safley, 482 U.S. 78 (1987); Jones v. Williams, 791 F.3d 1023, 11031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88. A substantial burden is one which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs. Jones, 791 F.3d at 1031.

Prison inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea, 833 F.2d at 198 (citing Kahane v. Carlson, 527 F.2d 492, 495 (2d Cir. 1975); cf. 28 C.F.R. §§ 547.20(d); 548.23(a) (federal inmates to be provided with food consistent with religious dietary requirements to extent security and budgetary considerations permit). However, de minimis burdens on the free exercise of religion are not actionable. See e.g., Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

Plaintiff has alleged he was denied Halal meals from May 28, 2019 through June 24, 2019 and from September 11, 2019 to October 24, 2019. He has further stated that he informed defendants that he was approved for religious meals and they failed to ensure that he received the correct meals. Accordingly, the court finds such allegations sufficient to state a potentially cognizable First Amendment claim against defendants Rodriguez, Ruiz, Wick, and Hutchison.

**B. Eighth Amendment**

Plaintiff alleges defendants' actions in denying him Halal meals violated his Eighth Amendment rights. (ECF No. 1 at 3.) Plaintiff alleges defendants' failure to provide him with religious meals violated his right to be provided with "food sufficient to sustain him in good health." (ECF No. 12 at 9.) He further states this deprivation amounts to cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

Prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994). Additionally, for an inmate's complaints about his diet to rise to the level of a constitutional deprivation, he must show the food he received was not adequate to maintain his health, e.g., by alleging facts indicating he lost weight or incurred health problems. See Foster v. Runnels, 554 F.3d 807, 813 n.2 (9th Cir. 2009); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); Stewart v. Block, 938 F. Supp. 582, 588 (C.D. Cal. 1996). In addition, the inmate must show that the responsible prison officials had a "sufficiently culpable state of mind," and were deliberately indifferent to the inmate's health and safety. Farmer, 511 U.S. at 834.

Plaintiff concludes that he did not receive enough food to sustain him in good health. (ECF No. 12 at 9.) However, he has not supported this allegation with facts showing he lost weight or had health issues. Rather, plaintiff stated that he had to eat non-Halal meals. (Id. at 6.)

Accordingly, the court finds that the complaint does not state a potentially cognizable Eighth Amendment claim.

### IV.   Amending the Complaint

As set forth above, the complaint states a potentially cognizable First Amendment claim. However, the complaint fails to state a cognizable Eighth Amendment claim. Accordingly, plaintiff will be given the option to proceed with the complaint as screened or to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated a potentially cognizable First Amendment claim against defendants Rodriguez, Ruiz, Wick, and Hutchison. The complaint does not contain any additional claims.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment claim as set forth in Section III above, or to amend the complaint.

3. Within twenty (20) days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.

////
////
////
////
////
////

7

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 16, 2021

*/s/ Deborah Barnes*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/brow2556.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>F. RODRIGUEZ, et al.,<br><br>  Defendants. | No. 2:20-cv-2556 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendants Rodriguez, Ruiz, Wick, and Hutchison. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

  Mark Anthony Brown
  Plaintiff pro se